# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ELIZABETH WAGENHOFFER<br>and JOHN WAGENHOFFER, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | C.A. No.: N14C-10-203 VLM |
| VISIONQUEST NATIONAL<br>LTD and DON DEVORE, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Submitted: July 21, 2016
Decided: July 27, 2016

## ORDER

*Upon Defendant Don DeVore's Motion for Reargument of Order Denying
Defendant's Motion for Summary Judgment on Count III of Plaintiff's Complaint
(Tortious Interference with Business and Contractual Relationships),*
**DENIED.**

This 27th day of July, 2016, having considered Defendant Don DeVore's ("DeVore") Motion for Reargument Order Denying Defendant's Motion for Summary Judgment on Count III of Plaintiff's Complaint (Tortious Interference with Business and Contractual Relationships) (D.I. 133); Plaintiff's Response thereto (D.I. 134); and the record in this matter, it appears to the Court that:

(1) This case arises out of Plaintiff Elizabeth Wagenhoffer's ("Wagenhoffer") allegations against Defendant VisionQuest National Limited

("VisionQuest") for gender-based employment discrimination and retaliation in violation of the Delaware's Discrimination in Employment Act, and against Don Devore ("DeVore") for tortious interference with her business and contractual relationships.[1]

(2)    VisionQuest and DeVore moved for summary judgment on Wagenhoffer's claims on May 11, 2016.[2]  Addressing the tortious interference claim, DeVore largely argued that an at-will employee does not have a cause of action under Delaware law.[3]  But even if Delaware did allow the tort, DeVore argued that he acted in VisionQuest's best interest in encouraging VisionQuest to terminate Wagenhoffer.  He says his alleged interference against Wagenhoffer was justified.[4]

(3)    This Court heard oral arguments regarding summary judgment on July 14, 2016.  In its July 18, 2016 Order, the Court held that numerous factual disputes and conflicts existed as to VisionQuest's reasons for Wagenhoffer's termination

---

[1]    The facts are more fully set out in the Court's July 18, 2016 Order Denying Defendants' Motion for Summary Judgment and control this Order.  *See* Order ("Order"), *Wagenhoffer v. Visionquest Nat'l Ltd et al.*, 2016 WL 3947952 (Del. Super. Ct. July 18, 2016) (D.I. 129).

[2]    Defs.' Br. in Support of Summ. J. ("Defs.' Br.") (D.I. 105).  *See also* Defs.' Reply (filed June 7, 2016) (D.I. 110).

[3]    Defs.' Reply at 16-17 (citing *LeBlanc v. Redrow*, 2001 WL 428686, at *2 (Del. Super. Ct. Apr. 19, 2001)).

[4]    Defs.' Br. at 34-35.

-2-

and as to whether DeVore acted without justification in interfering with her contractual and business relationships. Summary judgment was denied.[5]

(4) DeVore now bases his Motion for Reargument on the contention that in denying his motion for summary judgment the Court "did not fully consider the issue of whether [DeVore's] alleged interference with [Wagenhoffer's] relationship with VisionQuest, was outside the scope of DeVore's own employment . . ."[6]

(5) A motion for reargument pursuant to Superior Court Civil Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or judgment . . ."[7] It is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court.[8] The motion will only be

---

[5] *See* Order, 2016 WL 3947952, at *8-10. The Court also denied summary judgment as to Wagenhoffer's remaining claims.

[6] DeVore's Mot. for Rearg. at ¶ 9.

[7] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to an appeal . . ."); *Vaughn v. Jackerson*, 2016 WL 3882476, at *1 (Del. Super. Ct. July 12, 2016); *Lamourine v. Mazda Motor of Am., Inc*, 2007 WL 3379048, at *1 (Del. Super. Ct. Sept. 24, 2007). *See also* Del. Super. Ct. Civ. R. 59.

[8] *CNH America, LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

While DeVore made no mention of the current "scope of employment" issue in either his Motion for Summary Judgment or Reply, Wagenhoffer did raise the issue in her Opposition Motion and the parties discussed scope of employment during oral arguments. The Court will therefore address the matter now for enhanced clarity.

granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[9]

(6)   As explained in its July 18th Order, the Court may only grant summary judgment upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[10]   In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[11]   The moving party bears the burden of establishing the non-existence of any material issue of fact.[12]

(7)   Wagenhoffer's Complaint alleges tortious interference with business and contractual relationships under sections 766A and 766B of the Restatement (Second) of Torts against DeVore individually.[13]   To prevail on her claim,

---

[9]   *Lamourine*, 2007 WL 3379048, at *1.

[10]   Super. Ct. Civ. R. 56(c); *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962) (Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances.").

[11]   *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986).

[12]   *See, e.g., Shonts v. McDowell*, 2003 WL 22853659, at *1 (Del. Super. Ct. Aug. 5, 2003) (discussing standard for summary judgment).

[13]   See Compl. ¶¶ 89-96.

The Restatement (Second) of Torts § 766A describes tortious interference with another's performance of his own contract as:

-4-

Wagenhoffer must prove the five elements set forth in the Restatement (Second) Torts § 766: (a) the existence of a contract (b) about which DeVore knew, and (c) an intentional act that is a significant factor in causing the breach of such contract (d) without justification, (e) which causes injury.[14] While the Delaware Supreme Court has not expressly required such a finding, DeVore is likely correct that a tortious interference claim may not proceed against an employee unless his alleged misconduct happened outside the scope of his employment.[15]

---

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

The Restatement (Second) of Torts § 766A describes tortious interference with a prospective contractual relation as:

> One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation.

[14]     See *Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983, 992 (Del. Ch. 1987) (citing Restatement (Second) of Torts § 766).

Tortious interference with business expectancy is largely the same as tortious interference with a contract, except a showing of an actual contract is not required *Delaware Exp. Shuttle, Inc. v. Older*, 2002 WL 31458243, at *22 (Del. Ch. Oct. 23, 2002) ("The torts of interfering with existing contracts and interfering with prospective contracts are closely related both historically and in their required elements.").

[15]     See *Khan v. Delaware State Univ.*, 2016 WL 3575524, at *14 (Del. Super. Ct. June 24, 2016) ("Because a claim for tortious interference cannot lie against a party to the contract, an agent to a party likewise cannot tortiously interfere with the contract, provided the agent was acting in the scope of his employment.") (citing *Nelson v. Fleet Nat. Bank*, 949 F. Supp. 254,

(8)     To determine whether DeVore's actions were outside the scope of his employment, Delaware courts adopt the test set forth in section 228 of Restatement (Second) of Agency: "Conduct of a servant is within the scope of employment if, but only if: (a) It is of a kind he is employed to perform; (b) It occurs substantially within the authorized time and space limits; (c) It is actuated, at least in part, by a purpose to serve the master . . ."[16] Thus, an employee only acts outside the scope of his employment when his interests are severed from his employer's.

(9)     "Whether an employee has acted beyond the scope of employment is generally a question for the jury, although the Court may decide it as a matter of law if it is very clear."[17] Such clarity is not here. As the Court found, genuine issues of material fact exist as to DeVore's role in terminating Wagenhoffer, including whether his actions push him outside the scope of his employment.

(10)    DeVore primarily argues that even if he was motivated by discriminatory or retaliatory animus in encouraging Wagenhoffer's termination, he

---

262–63 (D. Del.1996)). *See also Shearin v. E.F. Hutton Grp., Inc.*, 652 A.2d 578, 590 (Del. Ch 1994) ("It is rudimentary that a party to a contract cannot be liable both for breach of that contract and for inducing that breach. By slight extension it has been held that employees or directors of a contracting corporation cannot be held personally liable for inducing a breach of contract by their corporations when they act within their role.").

[16]    *Deibert v. Wilmington Med. Ctr.*, 1973 WL 157943, at *1 (Del. Super. Ct. Sept. 27, 1973).

[17]    *Nelson*, 949 F. Supp. at 263. *See also Khan*, 2016 WL 3575524, at *14; *Doe v. State*, 76 A.3d 774, 776 (Del. 2013) ("The question of whether a tortfeasor is acting within the scope of his employment is fact-specific, and, ordinarily, is for the jury to decide.").

-6-

acted within the scope of his employment because he was at least partially motivated by his desire to protect VisionQuest's interests.[18] In support, DeVore cites a March 27, 2013 email between DeVore and Louis Kassa, VisionQuest's Regional Administrator, in which DeVore suggests that VisionQuest "find a way" for Wagenhoffer to "officially recant" her hostile work environment claim and sign a waiver for himself and VisionQuest.[19] DeVore suggests that this email clearly establishes his intent to protect VisionQuest's interests.[20]

(11)　The Court cannot determine the credibility or sincerity of DeVore's motivations from this email. Nor should it when considering a motion for summary judgment.[21] A reasonable jury could infer from the email's hostile tone coupled with DeVore's alleged gender-biased comments and conduct that DeVore had only his own personal motivations in mind.[22]

---

[18]　DeVore's Mot. for Rearg. at ¶¶ 11-12.

[19]　*Id.* at ¶ 12.

[20]　*Id.*

[21]　*Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002) ("If the matter depends to any material extent upon a determination of credibility, summary judgment is inappropriate. If a rational trier of fact could find any material fact that would favor the non-moving party in a determinative way (*i.e.*, that the clear and convincing standard could be met at trial), summary judgment is inappropriate. If a trial court must weigh the evidence to a greater degree than to determine that it is hopelessly inadequate ultimately to sustain the substantive burden, summary judgment is inappropriate.").

[22]　*See Schagrin v. Wilmington Med. Ctr., Inc.*, 304 A.2d 61, 63 (Del. Super. Ct. 1973) (citing *Vanaman v. Milford Mem'l Hosp., Inc.*, 272 A.2d 718 (Del. 1970)) (summary judgment

-7-

(12) And, in satisfying the factors set forth in section 767 of the Restatement (Second) of Torts,[23] Wagenhoffer's Complaint contained sufficient allegations and circumstantial evidence that DeVore discriminated against her either because of her gender or in retaliation for her hostile work environment complaint.[24] A rational juror could infer from his conduct that DeVore sought to terminate Wagenhoffer's employment based *solely* on her gender or as a retaliatory action but, in either instance, with zero regard for VisionQuest. If this is so, DeVore's actions would fall outside the scope of his employment.[25] "Although that evidence may not be sufficient to prevail at trial, scope of employment is an issue of material fact that requires presentation to the jury."[26]

---

must "be denied if there is a material fact in dispute, or a dispute as to the inferences which might be drawn therefrom").

[23] *See* Order, 2016 WL 3947952, at \*9 (reciting factors as (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties.). *See also* REST. (SECOND) OF TORTS § 767 (1979).

[24] *See* Order, 2016 WL 3947952, at \*9-10.

[25] *See, e.g., Khan v. Delaware State Univ.*, 2016 WL 3575524, at \*14-15 (Del. Super. Ct. June 24, 2016) (denying summary judgment as to plaintiff's tortious interference claim because a factual dispute existed as to whether co-employee acted outside the scope of his employment in allegedly discriminating against the plaintiff because of his age or as a result of personal animus).

[26] *See id.* at \*15. *See also Cross v. Hair*, 258 A.2d 277, 278 (Del. 1969) (". . . there is no 'right' to a summary judgment. Unless the Trial Court is reasonably certain that there is no triable issue, it is within the Trial Court's discretion to decline to decide the merits of the case in a summary adjudication, and to remit the parties to trial.").

(13)    Because, for the reasons set forth herein and as stated in its July 18, 2016 Order, the Court finds that genuine issues of material fact exist.    The Defendant Don DeVore's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

_____
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:  All counsel via File & Serve