ALEXANDER INDUSTRIES, INC., a Delaware corporation, Defendant Below, Appellant, v. JAMES A. HILL, Plaintiff Below, Appellee.

(*June* 30, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Vincent A. Theisen* and *Victor F. Battaglia,* of Theisen & Lank, and *Houston Wilson,* for defendant below, appellant.

*Robert W. Tunnell,* of Tunnell & Raysor, for plaintiff below, appellee.

■

Supreme Court of the State of Delaware. No. 17, 1965.

■

HERRMANN, Justice.

This is an action for mechanic's lien in which the defendant moved for summary judgment. The motion was denied by the Superior Court and the defendant appeals.

■ The question before us is the usual one when a defendant's motion for summary judgment is denied: Viewing the facts presented on the motion in the light most favorable to the plaintiff, is there an issue of fact for trial which, if resolved in favor of the plaintiff, would entitle the plaintiff to judgment?

Considering the record in the light most favorable to the plaintiff, the facts may be thus summarized:

On July 11, 1962, the plaintiff James A. Hill submitted to Crisconi and DiSabatino, Inc. (hereinafter "Crisconi"), a written proposal covering concrete and drainage work for a new post office building to be constructed at Greenwood, Delaware, for the defendant Alexander Industries, Inc. (hereinafter "Alexander"), owner. The proposal was submitted pursuant to an invitation received from Bernard DiSabatino as an officer of Crisconi. The proposal was returned to the plaintiff by Crisconi but was marked accepted by "Bernard DiSabatino, Sec. & Treas." of Construction Unlimited, Inc. (hereinafter "Unlimited").

Work was commenced by the plaintiff on July 11, 1962 and was completed on February 14, 1963. The major part of the plaintiff's work was completed by August 16, 1962; but certain required cast iron gratings of unusual size had to be specially cast by the foundry; and these gratings were not installed by the plaintiff until February 14, 1963, having been received from the foundry but a short time earlier.

A large sign, identifying Crisconi as the general contractor, appeared at the job site for several months. During the work, correspondence was received by the plaintiff from Crisconi on its stationery. Time sheets furnished to the plaintiff were on the Crisconi letterhead. Crisconi accepted all invoices. There was no indication to the plaintiff during the course of the work that Crisconi was not the general contractor, except for the manner in which the plaintiff's proposal was accepted.

A final billing submitted to Crisconi by the plaintiff remained unpaid. Consequently, a mechanic's lien action was commenced[1] by the plaintiff on May 14, 1963 naming Alexander as owner and "Crisconi and DiSabatino, Inc., a Delaware corporation, sometimes trading under the name of Construction Unlimited, Inc." as general contractor. In his complaint, the plaintiff alleged that his contract was made with Crisconi although his proposal had been accepted by Unlimited. Crisconi failed to appear in the cause and a default judgment has been entered against it. Alexander's answer raised two defenses pertinent to this appeal: (1) That the general contractor was actually Unlimited and not Crisconi; that they are separate corporations although they have the same officers, the same address and the same telephone number; that the requirements of the Mechanic's Lien Statute are mandatory; and that the failure to join the proper general contractor as a necessary party is fatal to the claim; and (2) that the statutory period for filing a mechanic's lien had expired because the period must be computed from the August 16, 1962 date, on which the major portion of the plaintiff's labor and materials were furnished, and not the February 14, 1963 date, on which the late-arriving gratings were installed. These are the two issues which Alexander now presents on this appeal, claiming the right to judgment as a matter of law.

Alexander disputes the inferences drawn by the plaintiff from the

---

[1] The Mechanic's Lien Statute (25 *Del. C.* Sec. 2712) under which the action was brought, requires that a complaint filed thereunder shall set forth the "name of the contractor, and whether the contract of the plaintiff-claimant was made with such owner or his agent or with such contractor."

above facts and contends that the facts and inferences properly drawn therefrom preclude a conclusion of liability on its part.

The answer to the question before us is self-evident. Clearly, there are genuine issues of material fact which, if resolved in favor of the plaintiff, would entitle the plaintiff to judgment. The Superior Court properly denied summary judgment in favor of the defendant.

Moreover, although the record is silent as to the Superior Court's reason for denying the defendant's motion for summary judgment, it needed no more reason than to conclude, upon preliminary examination of the facts, that it found it desirable to inquire thoroughly into all the facts in order to clarify the application of the law. *Ebersole v. Lowengrub,* Del., 180 A. 2d 467 (1962). We think the instant case is a proper exercise of the trial court's discretion in this regard.

It is doubtful, indeed, if this appeal could have withstood a motion to dismiss since it does not appear that the Superior Court's denial of summary judgment either adjudicated any legal right or settled any substantial issue in the cause. *Sterling Drug, Inc. v. City Bank Farmers Trust Co.,* 38 Del. Ch. 444, 154 A. 2d 156 (1959). On the face of the matter, the Superior Court merely declined to pass upon the issue tendered and to dispose of the case summarily. Such disposition of a motion for summary judgment is unappealable. *Wilmington Trust Company v. Pennsylvania Company,* Del. 172 A. 2d 63 (1961); *Wagner v. Shanks,* Del., 194 A. 2d 701 (1963).

The order of the Superior Court denying summary judgment is affirmed.