Sherwood T. CROSS, individually and as the Administrator of the Estate of Catherine L. Cross, Plaintiff,

v.

Merl HAIR, Eunice Lowe, and Marjorie Coale, Defendants.

Supreme Court of Delaware.

Oct. 1, 1969.

Arthur J. Sullivan and Jay P. James of Morris, James, Hitchens & Williams, Wilmington, for Eunice Lowe, defendant below, appellant.

E. N. Carpenter, II, and R. H. Richards, III, of Richards, Layton & Finger, Wilmington, for Marjorie Coale, defendant below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from the denial of summary judgment in an automobile negligence case. Non-agency was the issue tendered. In denying summary judgment, the Superior Court stated:

"The record reveals disputes as to material questions of fact. For example, the affidavits submitted are in conflict over the question of what control the defendant Lowe had over the driving activities of the defendant Hair.

"I am not holding that the matter of agency raised here is a jury question al-though after the evidence at trial has been submitted it may be decided that it is. It also may be that after the presentation of all of the evidence on this point at trial the matter will be disposed of by the Court."

The appellee moves to dismiss the appeal on the ground that the Superior Court's denial of summary judgment did not resolve any legal right or substantial issue; that, therefore, such interlocutory order is unappealable. The appellant, on the other hand, contends that the Superior Court erred in finding that "the record reveals disputes as to material questions of fact"; that she was thereby erroneously deprived of the summary judgment to which she is entitled under Superior Court Civil Rule 56(c), Del.C.Ann.*; that such denial of legal right is appealable though interlocutory.

▪ Under the rule now well established in this jurisdiction, there is no "right" to a summary judgment. Unless the Trial Court is reasonably certain that there is no triable issue, it is within the Trial Court's discretion to decline to decide the merits of the case in a summary adjudication, and to remit the parties to trial. See 6 Moore's Federal Practice §§ 56.15[6] and [8]. No right is thereby violated, the seemingly mandatory language of Rule 56 notwithstanding.

▪ In the instant case, the Trial Court's lack of certainty as to a triable issue is clear from its language. The determination below was merely a decision that, in the Trial Court's judgment, this case is not one to be disposed of summarily and is one for trial. There has been no adjudication of legal right or substantial issue; and the interlocutory order, therefore, is unappealable. Malcom v. Dempsey, Del.Sup., 215 A.2d 457 (1965); Haveg

---

* Superior Court Civil Rule 56(c) provides in part:
"* * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *."

Corporation v. Guyer, Del.Sup., 211 A.2d 910 (1965); Alexander Industries, Inc. v. Hill, Del.Sup., 211 A.2d 917 (1965); Wilmington Trust Company v. Pennsylvania Company, 40 Del.Ch. 1, 172 A.2d 63, 67 (1961); Sterling Drug, Inc. v. City Bank Farmers Trust Co., 38 Del.Ch. 444, 154 A.2d 156 (1959).

The appellant points out that in the *Alexander Industries* case, we reviewed the record on an appeal from a denial of summary judgment. It is to be noted in that case that the record was silent as to the Superior Court's reason for denying summary judgment. We there stated:

"Moreover, although the record is silent as to the Superior Court's reason for denying the defendant's motion for summary judgment, it needed no more reason than to conclude, upon preliminary examination of the facts, that it found it desirable to inquire thoroughly into all the facts in order to clarify the application of the law. * * *.

"It is doubtful, indeed, if this appeal could have withstood a motion to dismiss since it does not appear that the Superior Court's denial of summary judgment either adjudicated any legal right or settled any substantial issue in the cause. * * * On the face of the matter, the Superior Court merely declined to pass upon the issue tendered and to dispose of the case summarily. Such disposition of a motion for summary judgment is unappealable. * *."

The appellant also points to Standard Accident Insurance Company v. Ponsell's Drug Stores, Incorporated, Del.Sup., 202 A.2d 271 (1964), wherein this Court reviewed the record and examined into the merits on an appeal from a denial of summary judgment. It does not appear that the point here involved was considered there. To the extent that *Standard Accident* is inconsistent with the line of decisions, both earlier and later, set forth above, it may not be considered good precedent.

The appeal is dismissed.