COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: October 10, 2022
Date Decided: October 10, 2022

John A. Sergovic, Jr., Esquire
Sergovic Carmean Weidman McCartney &
Owens, P.A.
P.O. Box 751
25 Chestnut Street
Georgetown, DE 19947

Mary R. Schrider-Fox, Esquire
Steen, Waehler & Schrider-Fox, LLC
P.O. Box 1398
92 Atlantic Avenue, Unit B
Ocean View, DE 19970

Re: *Gerald N. and Myrna M. Smernoff Rev. Trusts v. The King's Grant Condominium Assn.*, C.A. No. 2020-0798-PWG

Dear Counsel:

This matter is before me on exceptions to the Master's Report of June 15, 2022, denying cross-motions for summary judgement. The Plaintiffs are trustees for a trust (the "Owners") owning a condominium unit (the "Unit") in a condominium, King's Grant, for which the Defendant is the Condominium Association.[1] The Owners seek specific performance of purported obligations in the condominium's governing documents, the "Code of Regulations"[2] and the "Declaration of Condominium"[3] encompassing the King's Grant declaration plan (collectively, the "Contracts"). The Contracts are subject to the Unit Property Act

---

[1] There are two Defendants, the Association and its Council. I refer to both as "Defendant."
[2] Verified Compl., Ex. 3, Dkt. No. 1 [the "Regulations"].
[3] Verified Compl., Ex. 1, Dkt. No. 1 [the "Declaration"].

(the "UPA").[4]  At issue is whether the Owners or the Defendant are liable under the Contracts and the UPA to replace a window on the Unit.  There are ancillary issues as well, such as the style and specifications of any replacement window and whether attorney's fees should be shifted.  The Master found that ambiguities lurk in the Contracts, and that a full record would be advisable before a ruling on the merits.

Under our Supreme Court's holding in *DiGiaccobe v. Sestak*,[5] I must perform a *de novo* review of any issue to which exceptions to a Master' Final Report are taken, regarding findings of both fact and law.  I have done so here. The pertinent issue is the denial of summary judgement.  The parties agree with one another that the Contracts are unambiguous, but each argues for a different interpretation.  I note that portions of the Contracts assign liability for window replacement to the Owners,[6] and other portions assign such liability (for common elements, including the window in question) to the Defendant.[7]  The Master correctly found that ambiguity resides in the interpretation of the Contracts. Fundamentally, I also note, there is no right absolute right to summary judgement,[8] and it is within the discretion of the presiding judicial officer to require a

---

[4] 25 *Del. C.* § 2201 *et seq.*
[5] 743 A.2d 180 (Del. 1999).
[6] Declaration § 11.03(e).
[7] Regulations § 6.8(d); *see generally* Declaration § 4.05 (defining "common elements").
[8]  *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc*, 871 A.2d 428, 443 (Del. 2005) (citing *Cross v. Hair*, 258 A.2d 277 (Del. 1969)).

developed record before rendering a decision on the merits.[9]  The cross-exceptions are therefore denied, accordingly.

This litigation was filed more than two years ago.  Wise parties would consider settling litigation concerning replacement of a window.  The same wise heads, if they could not bear to compromise, might seek to submit the matter to the Master for decision on a stipulated record, and avail themselves of a stipulation under Rule144(h) to permit the Master to act as a final arbiter of their controversy.  In any event, given the issues at stake, piecemeal exceptions are neither efficient nor desirable.  Any further exceptions shall be preserved for review following a final decision of the Master on all remaining issues.

For the foregoing reasons, the Parties' Cross Exceptions are DENIED.  To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Vice Chancellor

---

[9] *See generally* Del. Ct. Ch. R. 136 (providing power of Master to conduct the litigation).

3