**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 25, 2023
Date Decided: April 14, 2023

Dean A. Campbell, Esquire
Law Office of Dean A. Campbell, PA
703 Chestnut Street
Milton, DE 19968

Aaron E. Moore, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1007 N. Orange Street
Suite 600
P.O. Box 8888
Wilmington, DE 19899

Re:    *Stephen M. Hague, et al. v. Bay Landing POA, Inc*, Civil Action
No. 2020-0361-BWD

Dear Counsel:

Before me are exceptions to the Master's Final Report of July 7, 2022 (the "Report").[1] The Plaintiffs are homeowners in a residential property development in Broadkill Hundred,[2] north-east of Milton, called Bay Landing. The Defendant corporation is the homeowners' association for Bay Landing (the "POA"). The suit involves, in part, Plaintiffs' request for a declaratory judgment that they are not bound by the deed restrictions in Bay Landing. The Plaintiffs initially moved for a

---

[1] *Hague v. Bay Landing POA, Inc.*, 2022 WL 2541347 (Del. Ch. July 7, 2022).

[2] The "hundreds" are Delaware colonial administrative districts, first laid out in the 17th century. They are now notable primarily as locations in documents of title, for which they are still used. Broadkill Hundred is also denominated in some official documents as "Broadkiln" Hundred; which name should be used, as with "Return" versus "Returns" Day, is an enduring Sussex County puzzlement.

judgment on the pleadings regarding the applicability, to them, of the deed restrictions, a motion that the Master properly converted to a motion for partial summary judgment. The Defendant cross-moved for summary judgment on the issue.

The Master, in a thoughtful and thorough report, recommended that three sets of Plaintiffs (the Mays, the Barnetts, and the Rollinses) were subject to the deed restrictions due to constructive notice thereof, and thus recommended granting the Defendant's motion with respect to them; conversely, she denied the Defendant's motion with respect to the third set of owners, the Hagues. The Plaintiffs' motion was denied in full. The Plaintiffs take exceptions limited to the legal conclusions of the Master.

The Master did what she was bound to do, deciding a number of issues of law, including the appropriate burden of proof at this procedural stage; what constitutes a reasonable search for purpose of constructive notice to a buyer that her property will be subject to particular deed restrictions; and the extent to which declarations of restrictions relate back to prior declarations which arguably contain defects. The latter issue is far from theoretical: the deeds and the plans of Bay Landing, as well as the first Declaration—all of which are alleged to contain omissions—render the issue potentially dispositive. This extensive review occupies a near-thirty-page Master's Report.

I am charged, however, with *de novo* review under *DiGiaccobbe v. Sestak*.[3] Such a review encompasses practical litigation considerations. I note that the Plaintiffs' motion was for partial summary judgment only, and had no possibility to end this litigation. I also note that the Defendant makes factual allegations of actual—not constructive—notice of the restrictions which, if proved, obviate the necessity of resolution of what appear to be novel applications of the law. In short, these issues are best addressed, if at all, on a full factual record. "There is no 'right' to a summary judgment,"[4] and here judicial and litigants' economy would not be served by a *de novo* review at this time. Therefore, the Plaintiffs' exceptions are stayed pending a post-trial indication that the Master's conclusions are necessarily invoked. As a consequence, I do not adopt at this time the Master's recommendation that the Court enter partial summary judgment on the issue of constructive notice, to the extent exceptions were taken to those recommendations.

The following facts are taken from the factual findings of the Report,[5] to which no exceptions were taken.[6] Plaintiffs Stephen and Jessica Hague (the "Hagues"), Donald and Kara May (the "Mays"), John and Nancy Barnet (the "Barnets"), and Jordan and Julie Rollins (the "Rollinses") each own property in Bay

---

[3] 743 A.2d 180, 184 (Del. 1999).
[4] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)) (internal quotation marks omitted).
[5] *Hague*, 2022 WL 2541347.
[6] *See* Notice of Exceptions, Dkt. No. 52.

Landing.[7]  POA is the homeowners' association for the Bay Landing community.[8]

Non-Party Reynolds Road, LLC ("Reynolds") developed Bay Landing.[9]

Reynolds recorded the subdivision plan for Bay Landing on April 29, 2010,[10] and re-recorded that plan with revisions on March 20, 2012.[11]  The plans apparently reference the eventual dedication of the Bay Landing roadways to the POA, but do not themselves contain a list of deed restrictions.[12]

The Hagues purchased their property, Lot 30, on February 8, 2013 prior to the time that any declaration of deed restrictions was recorded.[13]  Reynolds did not include any reference to restrictions or covenants in the deed by which it transferred Lot 30 to the Hagues.[14]

---

[7] *Hague*, 2022 WL 2541347, at *2.
[8] *Id.*
[9] *Id.* at *1.
[10] *Id.* at *1.  "Bay Landing Subdivision 41 Single Family Lot Subdivision Final Subdivision Plans" (the "Plan") is found at the Sussex County Recorder of Deeds, Plot Book 145, Page 19.  The Court may take judicial notice of records in the Recorder of Deeds.  *See Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 363845, at *10 n.58 (Del. Ch. Jan. 27, 2010) (taking judicial notice that a loan and mortgage had been satisfied through a Mortgage Satisfaction Piece filed with the Recorder of Deeds of Sussex County, Delaware), *aff'd*, 7 A.3d 485 (Del. 2010) (TABLE).
[11] *Hague*, 2022 WL 2541347, at *1; *see* Sussex County Recorder of Deeds, Plot Book 169, Page 71.
[12] *Hague*, 2022 WL 2541347, at *1.
[13] *Id.* at *2.
[14] *See* Compl. Ex. A., Dkt. No. 1.

Reynolds' recorded Bay Landing's First Declaration of Conditions, Covenants and Restrictions on October 30, 2013 ("Declaration I").[15] In pertinent part, Declaration I reads:

> [T]he Developer is the fee simple owner of certain real property located in Broadkill Hundred, Sussex County, Delaware as set forth in Exhibit "A" attached hereto and made a part hereof and further shown on a Final Site Plan for Bay Landing recorded in the Office of the Recorder of Deeds in and for Sussex County at Plot Book 145, Page 19 [the Plan], (hereinafter referred to as the 'Property') and desires to develop therein a residential community.… the Developer desires to … subject the Property to the covenants, restrictions … as hereinafter set forth.
>
> …the Developer hereby declares that the following restrictions shall run with, burden and bind the Property and the developer hereby declares the Property, as described in Exhibit "A," is and shall be held, transferred, sold, conveyed, occupied and used subject to the restrictions hereinafter set forth …[16]

Declaration I, however, did not contain "Exhibit 'A.'"[17]

The Mays purchased their property, Lot 31, on January 15, 2014.[18] Reynolds' deed to the Mays subjected the land to "any and all restrictions, reservations, conditions, easements and agreements of record in the Office of the Recorder of Deeds in and for Sussex County, Delaware."[19]

---

[15] *Hague*, 2022 WL 2541347, at *2.
[16] *Id.* at *2.
[17] *Id.*
[18] *Id.*
[19] Compl. Ex. B.

The Rollinses purchased their property, Lot 36, on May 5, 2014.[20] Reynolds' deed to the Rollinses does not reference any restrictions or covenants.[21]

The Barnetts purchased their property, Lot 28, on July 10, 2014.[22] Reynolds' deed to the Barnetts subjected the land to "any and all restrictions, reservations, conditions, easements and agreements of record in the Office of the Recorder of Deeds in and for Sussex County, Delaware."[23]

Reynolds re-recorded Bay Landing's First Declaration of Conditions, Covenants and Restrictions on September 24, 2015 ("Declaration II"), after each of the Plaintiffs purchased their lots.[24] The Plaintiffs posit that this revoked the prior, and in their view defective, Declaration I. To Declaration II, Reynolds did attach "Exhibit 'A'", which is a description of the property to which the deed restrictions apply, purportedly including the Plaintiffs' properties.[25]

In 2017, the community began transitioning to self-governance, and representatives of Reynolds resigned from the POA on January 31, 2019.[26] The homeowners elected a new board shortly afterwards.[27]

---

[20] *Hague*, 2022 WL 2541347, at *2.
[21] *See* Motion for Partial Judgment on the Pleadings Ex. D., Dkt. No. 11.
[22] *Hague*, 2022 WL 2541347, at *2.
[23] Compl. Ex. D.
[24] *See Hague*, 2022 WL 2541347, at *2.
[25] *Id.*
[26] *Id.* at *3.
[27] *Id.*

On May 12, 2020, Plaintiffs filed their Complaint Concerning Deed Restrictions Pursuant to 10 *Del. C.* § 348 (the "Complaint").[28] Among other claims, the Complaint seeks injunctive and declaratory relief to prevent the POA and its members from enforcement of the deed restrictions listed in Declaration I, because Declaration I was allegedly invalid or revoked.[29]

Mandatory mediation under 10 *Del. C.* § 348(c) was unsuccessful,[30] and the POA filed its answer on August 7, 2020.[31] Plaintiffs filed for partial judgment on the pleadings.[32] In briefing, the POA relied on documents beyond the pleadings, and the Master converted the motion into a motion for partial summary judgment.[33] The Master held that motion in abeyance to allow the POA to file its own dispositive motion, which it filed on December 3, 2021.[34] Plaintiffs renewed their motion for partial summary judgment,[35] and briefing on the cross motions was complete on March 25, 2022.[36]

---

[28] *See* Compl.
[29] Compl. ¶¶ 24–30, Prayer for Relief; Pls.' Opening Br. Supp. Their Exceptions to Master's Final Report 22–26, Dkt. No. 57.
[30] I question whether this was an appropriate invocation of Section 348, since the Plaintiffs seek, *inter alia*, a declaration that they are not bound by the deed restrictions that the POA is now empowered to enforce. In any event, the Section 348 mandatory mediation has run its course.
[31] *Hague*, 2022 WL 2541347, at *3.
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *See* Def.'s Reply Br. Supp. its Mot. for Summ. J., Dkt. No. 47.

The Master issued her final report on July 7, 2022.[37] The report recommended that this Court grant summary judgment in the POA's favor against the Mays, the Barnetts, and the Rollinses, based on what the Master found to be constructive notice of the deed restrictions.[38] The Master recommended the denial of summary judgment as to the Hagues, because there were issues of material fact in dispute relating to whether the owners had actual or constructive notice of the deed restrictions when they purchased their property.[39] Similarly, the Master recommended denying summary judgment on the other claims.[40]

Plaintiffs filed notice of exceptions to the Master's recommendations on July 18, 2022, which were "limited to the analysis and accompanying decision[s] discussed in Section II and Sections III.A and III.B" and the recommendations to the Court resulting therefrom.[41] Briefing began on August 29, 2022,[42] and concluded on October 28, 2022.[43] I held oral argument on January 25, 2023, and I consider the matter fully submitted as of that date.[44]

[37] *See Hague*, 2022 WL 2541347.
[38] *Id.* at *1, *10.
[39] *Id.* at *8–*10.
[40] *Id.* at *10.
[41] Notice of Exceptions, Dkt. No. 52.
[42] Pls.' Opening Br. Supp. Their Exceptions to Master's Final Report.
[43] Pl.'s Reply Br. Supp. Their Exceptions to Master's Final Report, Dkt. No. 71.
[44] Judicial Action Form, Dkt. No. 76. It is unfortunate that circumstances beyond my control delayed the completion of this simple Letter Opinion.

"The standard of review for a master's findings—both factual and legal—is *de novo*."[45]  There is no right to summary judgment.[46]  However, a court may grant summary judgment when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.[47]  The moving party has the burden of demonstrating that no question of material fact exists and the evidence is viewed in the light most favorable to the non-moving party.[48]  Each motion is examined independently and granted only where there are no disputed facts and the moving party is entitled to judgment as a matter of law.[49]  The Court retains the discretion to deny summary judgment and proceed to a trial, where the interests of justice are invoked.[50]

The movant bears the burden to demonstrate entitlement to summary judgment, and generally a plaintiff will have to carry the burden of persuasion at trial.  This, however, is a partial summary judgment request for a negative declaratory judgment: that deed restrictions do not apply to the Plaintiffs' properties.

---

[45] *DiGiacobbe*, 743 A.2d at 184.

[46] *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 443 (Del. 2005) (citing *Cross v. Hair*, 258 A.2d 277, 278 (Del. 1969)); *see also Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020).

[47] Ct. Ch. R. 56(c).

[48] *Garfield v. Boxed, Inc.*, 2022 WL 17959766, at *4 (Del. Ch. Dec. 27, 2022), *judgment entered*, (Del. Ch. 2023)

[49] *Empire of Am. Relocation Servs., Inc. v. Commercial Credit Co.*, 551 A.2d 433, 435 (Del. 1988)

[50] *In re El Paso Pipeline Partners, L.P. Derivative Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

Plaintiffs assert that all of the community's covenants, conditions and restrictions (the "deed restrictions") are unenforceable against them because of defects in notice and recordation. It is the Defendant that attempts to place, and presumably enforce, restrictions on the Plaintiffs' free use of their properties. There exists a "well-settled legal policy which favors the free use of land," and "the burden of establishing the existence of and the right to benefit from a restrictive covenant is placed upon the person who asserts its protection."[51] Accordingly, one issue raised by the Plaintiffs in exception to the Report contends that the Master incorrectly allocated the burden of persuasion to them.[52]

To establish an express servitude, its proponent "must show the restriction touches and concerns the land, the original covenanting parties intended to establish the restriction, and that the purchasing party was on actual or constructive notice of the restriction."[53] At issue here is the question of notice, which may be either actual or constructive.[54] "Actual notice is an awareness of the alleged restriction by the

---

[51] *Leon N. Weiner & Associates, Inc. v. Krapf*, 623 A.2d 1085, 1088 (Del. 1993) (citing *Gammons v. Kennett Park Dev. Corp.*, 61 A.2d 391, 397 (Del. 1948)).

[52] Pls.' Opening Br. Supp. Their Exceptions to Master's Final Report 14–15.

[53] *New Castle Cnty. v. Pike Creek Recreational Servs., LLC*, 82 A.3d 731, 757 (Del. Ch. 2013), aff'd, 105 A.3d 990 (Del. 2014).

[54] *See New Castle Cnty. v. Pike Creek Recreational Servs., LLC*, 82 A.3d 731, 746 (Del. Ch. 2013), *aff'd*, 105 A.3d 990 (Del. 2014); s*ee also Alliegro v. Home Owners of Edgewood Hills, Inc.*, 122 A.2d 910, 912 (Del. Ch. 1956) ("Buyers with knowledge or the means of gaining knowledge of covenants restricting use of the land they propose to purchase cannot effectively object to the enforcement of such covenants when they are reasonable, realistic and are fairly administered.").

10

purchaser at the time of purchase."[55] Constructive notice is imputed where the restrictions are properly recorded prior to the conveyance.[56]

At issue in the Report is the extent to which constructive notice can apply, given the allegations here of defects in the recording process for the declarations, and the omission of references to restrictions in some of the deeds. This is a mixed question of fact and law. The Master found that a reasonable search would have disclosed to the Plaintiffs (excluding the Hagues) the deed restrictions, based on the discovery of restrictions by certain title searches done for purpose of title insurance.[57]

To address these issues *de novo* would require an examination—and quite possibly creation—of 1) the proper burden of proof at this procedural stage, 2) whether the recordings of declarations of restrictions by the developer were sufficient, and 3) the contours and limitations of a "reasonable" search under the circumstances.

I find that such a review at this stage would be inimical to judicial and litigants' economy. The exceptions are in essence partial motions for summary

---

[55] *Penn Mart Supermarkets, Inc. v. New Castle Shopping LLC*, 2005 WL 3502054, at *8 (Del. Ch. Dec. 15, 2005) (quoting *Greylag 4 Maint. Corp. v. Lynch-James*, 2004 WL 2694905, at *5 (Del. Ch. Oct. 6, 2004)) (internal quotations omitted).

[56] *Van Amberg v. Bd. of Governors of Sea Strand Ass'n*, 1988 WL 36127, at *7 (Del. Ch. Apr. 13, 1988); *see also Mendenhall Vill. Single Homes Ass'n v. Harrington*, 1993 WL 257377, at *2 (Del. Ch. June 16, 1993).

[57] *Hague*, 2022 WL 2541347, at *6.

11

judgment; *de novo* review will not end the matter or prevent further proceedings before the Master. It is also my view that common-law judges, in general, should not create law where no necessity exists.[58] The Defendant's contentions regarding actual notice, if proved, have the potential to obviate review of legal rulings in the Report. Here, continuing these exceptions—and postponing any adoption of the Master's recommendations that partial summary judgment be entered—until after trial will require little extra litigation burden, may obviate addressing some or all of the legal issues, and, to the extent novel law must be addressed, will provide an appropriate context for decision.

For the foregoing reasons, consideration of exceptions to the Report is continued, unless and until the facts as developed at trial indicate that they are pertinent. The recommendation in the Report that the Court enter partial summary judgment is not, at present, adopted. The matter is remanded to the Master for trial. Any future interlocutory exceptions should be taken with notice as per Rule 144, but briefing and consideration thereon shall be continued pending a final post-trial report, unless the Master deems justice requires otherwise. To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

---

[58] *See State v. Barnes*, 116 A.3d 883, 884 n.2 (Del. 2015) ("'[I]nevitability of change touches law as it does every aspect of life. But stability and moderation are uniquely important to the law.... [R]estraint in decisionmaking and respect for decisions once made are the keys to preservation of an independent judiciary and public respect for the judiciary's role as a guardian of rights.'") (quoting Lewis F. Powell, Jr., Stare Decisis and Judicial Restraint, 47 WASH. & LEE L. REV. 281, 289–90 (1990)).

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III