# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LITTLE RIVER LANDING LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2021-0012-SEM |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, an Illinois Corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING SUMMARY JUDGMENT

WHEREAS, on January 7, 2021, Little River Landing LLC (the "Plaintiff") filed a verified complaint pleading six counts: (1) reformation, (2) declaratory judgment, (3) breach of contract, (4) promissory estoppel, (5) fraud, and (6) breach of the implied covenant of good faith and fair dealing (the "Complaint");[1]

WHEREAS, the defendant Allstate Vehicle Property Insurance Company (the "Defendant") moved to dismiss the Complaint and I recommended the motion be denied in an August 31, 2021 final report;[2] that final report was affirmed by Vice Chancellor Glasscock who overruled the Defendant's exceptions and further ordered that "any future exceptions to interlocutory [Magistrate]'s Reports or orders in this

---

[1] Docket Item ("D.I.") 1.

[2] D.I. 13.

1

matter, if timely filed by a party, are stayed pending a final recommendation by the [Magistrate;]"[3]

WHEREAS, the Defendant thereafter answered the Complaint and the parties engaged in discovery;[4] on May 19, 2023, I entered a schedule setting trial for February 14–15, 2024;[5]

WHEREAS, on September 14, 2023, the Defendant moved for summary judgment (the "Motion");[6] the Motion was fully briefed on October 6, 2023;[7]

WHEREAS, under Court of Chancery Rule 56, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law[;]"[8] "[i]n deciding a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and the moving party has the burden of demonstrating that there is

---

[3] D.I. 21.

[4] *See* D.I. 22–28.

[5] D.I. 30.

[6] D.I. 32.

[7] D.I. 35.

[8] Ct. Ch. R. 56(c).

no material question of fact[;]"[9] "[a]lthough summary judgment is encouraged when possible, there is no absolute right to summary judgment[;]"[10]

WHEREAS, "[i]f the matter depends to any material extent upon a determination of credibility, summary judgment is inappropriate. If a rational trier of fact could find any material fact that would favor the non-moving party in a determinative way (i.e., that the clear and convincing standard could be met at trial), summary judgment is inappropriate. If a trial court must weigh the evidence to a greater degree than to determine that it is hopelessly inadequate ultimately to sustain the substantive burden, summary judgment is inappropriate[;]"[11]

WHEREAS, "[e]ven where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances[;]"[12] when addressing a motion for summary judgment, "[t]he Magistrate [may] simply defer[] a determination of

---

[9] *Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Hldg. Co. LLC*, 853 A.2d 124, 126 (Del. Ch. 2004) (citing *Tanzer v. Int'l Gen. Inds., Inc.*, 402 A.2d 382, 385 (Del. Ch. 1979)).

[10] *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 443 (Del. 2005) (citing *Cross v. Hair*, 258 A.2d 277, 278 (Del. 1969)).

[11] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002).

[12] *In re Tri-Star Pictures, Inc. Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995) (citations omitted).

whether a party is entitled to judgment until an appropriate record has been created[;]"[13]

**IT IS HEREBY ORDERED**, this 5th day of January 2024, as follows:

1.      The Motion is DENIED without prejudice to the Defendant's ability to raise its arguments after trial.

2.      The Defendant's arguments, in many ways, mirror those raised (and rejected) at the pleading stage. Yet the Defendant contends that the discovery record is devoid of support for the Plaintiff's claims and requires that judgment be entered in the Defendant's favor as a matter of law.  I disagree.

3.      Sure, the Plaintiff concedes that Love Mbuntcha, principal of the Plaintiff, testified at her deposition that she did "not specifically remember [making] an affirmative statement that [the disputed property] was owned by" the Plaintiff.[14] But the remainder of her testimony—depending on her credibility and further exploration of what metaphorical hat she was wearing when she acted to insure the property (personal or as principal of the Plaintiff)—may support the Plaintiff's mutual mistake argument. Coupled with the evidence that the Defendant's agent had

---

[13] *August v. Glade Prop. Owners Ass'n, Inc.*, 2023 WL 5431953, at *2 (Del. Ch. Aug. 23, 2023).

[14] D.I. 33 at 10.

reason to know of the Plaintiff's ownership interest, the Plaintiff may be able to meet its burden to prove mistake and justify the equitable remedy of reformation.

4.      Simply put, I find the better course is to proceed to trial, where the factual predicate of how the contract at issue came to be can be explored and the credibility of all involved can be judged.

5.      Trial shall proceed as scheduled.

6.      This is a final report under Court of Chancery Rule 143 and exceptions under Court of Chancery Rule 144 are stayed until a final post-trial report is issued.

**IT IS SO ORDERED.**

*/s/ Selena E. Molina*
Magistrate Selena E. Molina