# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MATTEL, INC., AND FISHER-PRICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XL INSURANCE AMERICA, INC.; ACE PROPERTY AND CASUALTY INSURANCE CO.; ACE AMERICAN INSURANCE CO.; STARR INDEMNITY & LIABILITY CO.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; GREAT AMERICAN ASSURANCE CO.; AMERICAN GUARANTEE AND LIABILITY CO.; ASPEN INSURANCE UK, LTD.; ENDURANCE RISK SOLUTIONS ASSURANCE CO., <br><br> Defendants. | C.A. No. N23C-01-042 MAA CCLD |

## ORDER

Date Submitted:  July 7, 2025
Date Decided: July 9, 2025

***National Union's Application for Certification of Interlocutory Appeal*: DENIED.**

***Chubb's Motion for Entry of Partial Final Judgment Pursuant to Delaware Superior Court Civil Rule 54(b) and, In the Alternative, Application for Certification of Interlocutory Appeal to the Delaware Supreme Court*: DENIED.**

Upon consideration of National Union's[1] Application for Certification of an Interlocutory Appeal[2] ("National Union Motion") and Chubb's Motion for Entry of Partial Final Judgment Pursuant to Delaware Superior Court Civil Rule 54(b) and, in the Alternative, Application for Certification of Interlocutory Appeal to the Delaware Supreme Court[3] ("Chubb Motion" and, together with National Union Motion, the "Instant Motions"), it appears to the Court that:

## **Background and Procedural History**

1.      On March 28, 2025, the Court issued its Memorandum Opinion addressing the Parties' cross-motions for summary judgment (the "First Prior Opinion").[4] The Court declared "the RNPS Claims constitute a single "occurrence" under the Policies, that the RNPS Claims should be allocated by the year in which the injury occurred for the Umbrella and Excess Policies, and that Great American has a duty to defend Mattel for claims allocated to 2013."[5] In the First Prior Opinion,

---

[1] The Court incorporates by reference the facts set forth in its prior opinions addressing the Parties' motions for summary judgment as well the defined terms and short-form citations contained therein. *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 948008 (Del. Super. Mar. 28, 2025) (D.I. 714) ["First Prior Opinion"]; *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 1555403 (Del. Super. June 2, 2025) (D.I. 735) ["Second Prior Opinion"].

[2] Br. of National Union in Supp. of Appl. for Certification of an Interlocutory Appeal (D.I. 739) ["National Union Motion"].

[3] Chubb's Mot. for Entry of Partial Final J. Pursuant to Del. Super. Ct. Civ. R. 54(b) and, in the Alternative, Appl. for Certification of Interlocutory Appeal to the Delaware Supreme Court (D.I. 742) [ "Chubb Motion"].

[4] First Prior Opinion.

[5] *Id* at *12.

the Court designated certain issues as reserved for later decision (the "Reserved Issues").[6]

2.   On June 2, 2025, the Court issued a Letter Opinion addressing the Reserved Issues (the "Second Prior Opinion" and, with the First Prior Opinion, the "Prior Opinions").[7]  The Court denied summary judgment rulings on the Corridor Retention, National Union PCOH Endorsement, and Trailing Retention Endorsement issues.[8]

3.   On June 23, 2025, National Union and Chubb filed the Instant Motions.[9]

4.   On July 3, 2025, Mattel and Great American filed responses to the Instant Motions.[10]  On July 7, 2025, AGLIC filed joinders to Great American's responses to the Instant Motions.[11]

## Analysis

I.   *Chubb's Rule 54(b) Motion is Denied.*

5.   "Pursuant to Superior Court Civil Rule 54(b), the Court may exercise its discretion and certify final judgment if the Court finds that: (1) the action involves multiple claims or parties; (2) at least one claim or the rights and liabilities of at least

---

[6] *Id*. at *12.
[7] Second Prior Opinion.
[8] *Id*.
[9] D.Is. 738-743.
[10] D.Is. 747-750.
[11] D.Is. 751-752.

3

one party has been finally decided; and (3) there is no just reason for delaying an appeal."[12]  Rule 54(b) judgments should be issued "sparingly, cautiously, and frugally."[13]  This action involves multiple claims and parties; the first part of the Rule 54(b) test is therefore satisfied.

6.     "Where the court rules on some issues concerning a claim, but declines to complete the analysis because there are fact issues extant, the court may not certify the issues it has ruled on for appeal under Rule 54(b)."[14]  Further, where purportedly separate claims "require consideration of the same factual record" and "are based on the same contract," the claims "are not sufficiently distinct to constitute separate claims."[15]

7.     Chubb asks the Court to enter partial final judgment on its First and Second Causes of Action and Mattel's First Cause of Action.[16]  Chubb contends the Prior Opinions' declarations regarding the number of "Occurrences," the allocation of the RNPS Claims to policy years, the number of applicable corridor retentions,

---

[12] *Lima Delta Co. v. Glob. Aerospace, Inc.*, 2016 WL 1169125, at *2 (Del. Super. Mar. 17, 2016) (citation omitted).
[13] *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 3233068, at *1 (Del. Super. July 28, 2017) (citation modified).
[14] *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 230 (5th Cir. 2014) (citation modified). Delaware Rule 54(b) mirrors Federal Rule of Civil Procedure 54(b). *Compare* Del. Super. Ct. Civ. R. 54(b) *with* Fed. R. Civ. P. 54(b).  Delaware courts "giv[e] the authorities applying the Federal Rules 'great persuasive weight' in the construction of a parallel Delaware Rule." *Cede & Co. v. Technicolor, Inc.*, 758 A.2d 485, 490 (Del. 2000).
[15] *EMSI Acq., Inc. v. RSUI Indem. Co.*, 2018 WL 2316633, at *2 (D. Del. May 22, 2018).
[16] Chubb Motion at 18.

and whether the 2013 Chubb Umbrella Policy was exhausted "resolved as a matter of law each of the issues specifically raised by Chubb's First and Second Causes of Action and Mattel's Count I."[17]

8.     In order to show "the rights and liabilities of at least one party has been finally decided,"[18] Chubb contends the practical effect of the Prior Opinions is to resolve all issues regarding the rights and liabilities of Great American, Aspen, and AGLIC.[19]  Chubb posits "there is no conceivable world in which Great American, AGLIC, or Aspen would owe Mattel any obligation for the [RNPS] Claims," as none of the unresolved RNPS Claims will create sufficient liability that those three insurers' Excess Policies will be implicated.[20]

9.     Both Great American and AGLIC oppose Chubb's motion, contending their rights and liabilities are not yet resolved.[21]  Chubb's argument speculates on a settlement or judgment which does not yet exist, and it is not feasible for the Court to predict the liability limit in the unresolved RNPS Claims.  *Future-filed* RNPS Claims may be allocated to the Policy Years at issue in this action based on the First Prior Opinion's declaration that the date of the injury drives the allocation to a

---

[17] *Id.*
[18] *Lima Delta*, 2016 WL 1169125, at *2 (citation omitted).
[19] Chubb Motion at 18-19.
[20] *Id.* at 19.
[21] Def. Great American' Resp. to Chubb Motion [GA Resp. to Chubb Motion] at 4 n. 1 (D.I. 748); AGLIC's Joinder to GA Resp. to Chubb Motion (D.I. 751).

particular policy year. It is impossible to know whether Great American, Aspen, or AGLIC's policies will be financially implicated for several years, let alone today.[22]

10. The Second Prior Opinion left for trial any decision on whether defense costs may erode the Corridor Retention and whether and how the Trailing Retention Endorsement applies to the instant action.[23] As explained in the Second Prior Opinion, one interpretation of the Trailing Retention Endorsement may completely vitiate the insurers' duty to defend in *any* RNPS Claim.[24] Issues with the Corridor and Trailing Retentions directly impact when Mattel receives coverage and the financial extent of Mattel's coverage. Thus, allocation issues are not yet totally resolved, so the second part of the Rule 54(b) analysis is not satisfied.

11. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[25] "Rule 54(b) is an exception to the well-established policy against piecemeal appeals, and does not contemplate the entry of final judgment absent a showing of some degree of hardship or injustice through delay which would be alleviated by immediate appeal."[26] "In deciding whether there is 'just reason for delay,' the Court must consider: (1) the hardship or injustice suffered by the moving

---

[22] GA Resp. to Chubb Motion at 4 n. 1.
[23] Second Prior Opinion at *1, *4.
[24] *Id*. at *4.
[25] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).
[26] *Zimmerman v. Home Shopping Network, Inc.*, 1990 WL 140890, at *1 (Del. Ch. Sept. 25, 1990) (citation modified).

6

party in the absence of the final judgment; and (2) the interests of judicial administration and judicial economy."[27]

12. In order to justify a Rule 54(b) motion for entry of partial final judgment, the hardship must be an "impending, exigent situation, external to the litigation, which necessitate[s] expedient review by a higher court."[28] Chubb contends it will suffer hardship without a final judgment, as it has incurred over $100 million in costs defending Mattel in the RNPS Claims, some of which should be reimbursed based on the Prior Opinions.[29] Such an alleged hardship is insufficient. As Great American highlights, "if a financial effect on one party or another were enough to enter partial final judgment, there would be partial final judgment entered in virtually every case."[30]

13. In analyzing judicial economy, appellate economy, not trial court economy, is the "overriding concern."[31] Chubb bases its judicial economy argument on the premise that the Prior Opinions are incorrect.[32] Chubb's belief that the Court is incorrect and that a trial in this case is unnecessary improperly emphasizes the judicial economy of the trial court rather than the appellate court. An entry of partial

---

[27] *Lima Delta*, 2016 WL 1169125, at *2.
[28] *Johnson v. Preferred Pro. Ins. Co.*, 2015 WL 413608, at *5 (Del. Super. Jan. 28, 2015).
[29] Chubb Motion at 23.
[30] GA Resp. to Chubb Motion at 5.
[31] *Republic Env't Sys., Inc. v. RESI Acquisition (Delaware) Corp.*, 1999 WL 464521, at *6 (Del. Super. May 28, 1999).
[32] Chubb Motion at 21-22.

final judgment would not expedite the appellate process, as the Supreme Court of Delaware may still face two appellate proceedings regarding the same contracts.[33] An entry of partial final judgment is not supported by the interests of judicial economy.

14.    Chubb highlights *Opportunity Partners L.P. v. Hill Intern., Inc.*, in which the Court of Chancery granted a Rule 54(b) motion where appeal of a mandatory injunction dictating actions to be taken at a particular shareholder meeting would be impossible if the appeal did not occur before the shareholder meeting.[34] Such a time pressure is absent here.

15.    Because Chubb cannot satisfy the second or third prong of the Rule 54(b) test, Chubb's motion for entry of partial final judgment is **DENIED**.

II.    *Chubb and National Union's Applications for Certification of Interlocutory Appeal are Denied.*

16.    The court will not grant an application for certification of interlocutory appeal unless the underlying decision "decides a substantial issue of material importance that merits appellate review before a final judgment."[35] Once this "gating requirement"[36] is satisfied, Supreme Court Rule 42 requires the court to

---

[33] *CVR Ref., LP v. XL Specialty Ins. Co.*, 2023 WL 6690908, at *5 (Del. Super. Oct. 12, 2023) ("Generally, Delaware courts will refrain from issuing final judgment on less than all issues if there is a likelihood that the Supreme Court would be forced to hear the facts and issues of a case a second time upon review.").
[34] 2015 WL 3765353 (Del. Ch. June 16, 2015).
[35] Del. Supr. Ct. R. 42(b)(i).
[36] *Cropper v. Progressive Garden State Ins. Co.*, 2024 WL 3721467, at *1 (Del. Super. Aug. 8, 2024) (citing *State ex rel. Jennings v. BP Am.*, 2024 WL 621438, at *1 (Del. Super. Feb. 14, 2024)).

consider "eight factors set out in Rule 42(b)(iii)."[37] After investigating the eight factors, the court must determine whether "the likely benefits of interlocutory review outweigh the probable costs."[38] Where "the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[39]

17. National Union contends the Court erred in denying National Union's Motion for Summary Judgment, by refusing to provide a declaration interpreting an ambiguous contractual provision (the PCOH Endorsement), and by resolving to wait for a complete trial record before relying on deposition testimony as extrinsic evidence.[40] National Union asks the Court to certify an interlocutory appeal regarding the interpretation of the PCOH Endorsement.[41]

18. As an initial matter, and as noted in the Second Prior Opinion, there is no right to summary judgment.[42] Further, "issues of contract interpretation are not worthy of interlocutory appeal."[43] National Union asks the Court to certify an

---

[37] *Id.*

[38] Del. Supr. Ct. R. 42(b)(iii).

[39] *Id.*

[40] National Union Motion at 12-18.

[41] *Id.* at 27.

[42] *Cross v. Hair*, 258 A.2d 277, 278 (Del. 1969). As articulated in the First and Second Prior Opinions, the Court was entitled to reject reliance on deposition testimony, as "summary judgment will not be granted if it appears that there is a material fact in dispute or *that further inquiry into the facts would be appropriate.*" *Capano v. Lockwood*, 2013 WL 2724634, at *2 (Del. Super. May 31, 2013) (emphasis added) (citation omitted).

[43] *REJV5 AWH Orlando, LLC v. AWH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018) (citing *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (TABLE); then citing *Robino–Bay Ct. Plaza, LLC v. West Willow–Bay Ct., LLC*, 941 A.2d 1019 (Del. 2007) (TABLE); then citing *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (TABLE); and then citing *Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 1830476, at *2 n.3 (Del.

interlocutory appeal regarding interpretation of contractual provisions, and its request therefore cannot satisfy Rule 42.[44]  Accordingly, the National Union Motion is **DENIED**.

19.    Chubb also asks this Court to certify an interlocutory appeal regarding interpretation of contractual provisions.  Notably, Chubb has previously followed the same path of requesting an interlocutory appeal earlier in this litigation.[45]  This request for an interlocutory appeal faces the same fate for the same reasons: the interpretation of contractual provisions do not resolve a "'substantial issue' warranting an interlocutory appeal."[46]  Accordingly, Chubb's application for certification is **DENIED**, having the same defect as the National Union Motion.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

cc: File&ServeXpress

---

Ch. Apr. 20, 2015)); *Thomas v. Am. Midstream GP, LLC*, 2025 WL 53174, at *2 (Del. Ch. Jan. 9, 2025) ("Delaware law is clear that issues of contract interpretation are not substantial issues of material importance" (citation omitted)); *Mattel, Inc. v. XL Ins. Am., Inc.*, 2023 WL 6148203, at *3 (Del. Super. Sept. 20, 2023) (refusing certification of interlocutory appeal on a prior order in this case and noting "[t]he Supreme Court has repeatedly held that issues of contract interpretation, such as this case, are not worthy of interlocutory appeal." (citation omitted)).

[44] *REJV5 AWH Orlando*, 2018 WL 1109650, at *3.

[45] *Mattel*, 2023 WL 6148203, at *2-4.

[46] *Id.* at *3.